IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **FRANK WEBB, JR.,** | ) Civ. No. 13-00168 ACK-KSC |
| Plaintiff, | ) |
| v. | ) |
| **THE STATE OF HAWAII PUBLIC HOUSING AUTHORITY,** | ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

For the following reasons, the Court hereby DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Motion for Summary Judgment. Because the Court finds that Plaintiff's claims are not justiciable because they are not yet ripe, the Court DISMISSES Plaintiff's First Amended Complaint without prejudice.

**FACTUAL BACKGROUND**[1]

This case involves pro se Plaintiff Frank Webb Jr.'s claims that the State of Hawaii Public Housing Authority's ("HPHA") proposed ban on smoking in all public housing units in the State of Hawaii violates Plaintiff's constitutional rights.

---

[1] The facts as recited in this order are for the purpose of disposing of the current motion and are not to be construed as findings of fact that the parties may rely on in future proceedings.

HPHA is a state agency that provides federal and state public housing for low-income persons in the State of Hawaii. See Haw. Rev. Stat. Chapter 356D. HPHA owns and operates 81 public housing projects throughout Hawaii, 67 of which are funded through annual federal subsidies from the United States Department of Housing and Urban Development ("HUD"), and 14 of which are entirely funded by the State of Hawaii. (See HPHA's Concise Statement in Supp. of Mot. for Judgment on the Pleadings ("CSS") ¶¶ 6-7; Ouansafi Decl. ¶¶ 3-4.) Plaintiff has been a tenant at La'iola, one of HPHA's state public housing projects on Oahu, since 2011. (First Amended Complaint ("FAC") ¶ 1.) Plaintiff alleges in the First Amended Complaint that, in March of 2013, HPHA implemented a new policy prohibiting smoking in Plaintiff's unit at La'iola. (Id. ¶ 2.)

In March of 2013, HPHA sent a "Monthly News for Residents" flyer to both state and federal public housing tenants (including those at La'iola), seeking feedback on HPHA's proposed new smoking policy. (FAC Ex. A at 2.) Specifically, the newsletter informed tenants that HPHA was creating an addendum to all rental agreements prohibiting smoking in all public housing projects, including in individual units, except in designated smoking areas. (Id.) The newsletter further stated that violation of the new no smoking policy could result in termination of the tenant's rental agreement and eviction. (Id.) On March 13, 2013,

the tenants at La'iola received a memorandum informing them that, effective April 1, 2013, smoking in the facility would be prohibited. (FAC Ex. A at 3.) The memorandum allowed tenants to express their opinion regarding the designation of a smoking area at the La'iola building. (Id.)

     HPHA states that, to date, it has not enforced its no smoking policy against any tenant living in a state public housing project, including La'iola. (HPHA's CSS ¶ 22; Ouansafi Decl. ¶ 13.) HPHA further states that it has instructed the property managers for all state and federal public housing projects that they cannot and should not enforce the policy against any tenant until the Hawaii Administrative Rules are amended and adopted to include the prohibition, and tenants sign the new "no smoking" addendum to their rental agreements. (HPHA's CSS ¶ 23; Ouansafi Decl. ¶ 14.) HPHA also notes that no adverse action has been taken against Plaintiff with respect to his smoking in his unit; indeed, HPHA states, until the filing of this lawsuit, the resident manager of La'iola was not even aware that Plaintiff was a smoker, or that he objected to the new no smoking policy.[2/] (HPHA's CSS ¶¶ 25-27; Domanguera Decl. ¶¶ 9-

---

    [2/] At the hearing on the instant motions, HPHA's counsel stated that she had notified Plaintiff in February of 2014 that the proposed no smoking policy will not be enforced against him until the policy is finalized by the Hawaii state legislature or via the Hawaii Administrative Rules, and an addendum to his rental agreement is signed. At the hearing Plaintiff did not deny
                                                                                                        (continued...)

10.)

      Plaintiff nevertheless claims that the no smoking policy violates his Fourth and Fifth Amendment rights to privacy, and his Fourteenth Amendment right to due process. (FAC ¶¶ 7-8.) Further, Plaintiff alleges that the smoking ban constitutes a "breach of legal duty," and "reckless negligence." (Id. ¶¶ 9-10.) At the hearing on the instant motions, Plaintiff stated that his claim is not a constitutional one, but is based on the "sanctity of [his] home."

## PROCEDURAL BACKGROUND

      On April 9, 2013, Plaintiff filed his original complaint against HPHA, along with an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. Nos. 1 & 2.) On April 10, 2013, Magistrate Judge Chang recommended dismissal of the original complaint with leave to amend, finding that, even construed liberally, the complaint failed to state a claim upon which relief could be granted. (Doc. No. 5.) On April 30, 2013, this Court adopted the Magistrate Judge's Findings and Recommendation to Dismiss the Complaint with Leave to Amend and to Deny Application to Proceed In Forma Pauperis. (Doc. No. 6.) On May 6, 2013, Plaintiff filed his First Amended Complaint, in which he appears to be asserting three claims against HPHA: a

---

    [2]/(...continued)
that he had been so notified.

4

claim for violation of his right to privacy under the Fourth and Fifth Amendments, a claim for violation of his Fourteenth Amendment due process rights, and a state law claim for "reckless negligence." (Doc. No. 7.) HPHA filed its Answer on June 27, 2013. (Doc. No. 10.)

On January 10, 2014, Plaintiff filed his Motion for Summary Judgment, supported by a concise statement of facts and a number of exhibits. (Doc. No. 13 ("MSJ").) On February 5, 2014, HPHA filed its Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment, supported by a concise statement of facts and a number of exhibits.[3] (Doc. Nos. 15, 16.) Plaintiff filed his memorandum in opposition to HPHA's motion on February 26, 2014, (Doc. No. 18), and HPHA filed its reply on March 10, 2014. (Doc. No. 21.) HPHA filed its memorandum in opposition to Plaintiff's Motion for Summary Judgment, supported by a concise statement of facts on March 3, 2014. (Doc. Nos. 19, 20.) A hearing on the two motions was held on March 24, 2014.

## STANDARD

**I.  Summary Judgment**

Summary judgment is appropriate when a "movant shows

---

[3] Because the Court elects to consider HPHA's concise statement of facts and the attached exhibits, the Court will treat HPHA's motion as one for summary judgment. <u>See</u> Fed. R. Civ. P. 12(d).

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the nonmoving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. Id. at 587.

## II. Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). "Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" Ventress v. Japan

6

Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007); see also Alexander v. City and Cnty. of Honolulu, 545 F. Supp. 2d 1122, 1130 (D. Haw. 2008).

The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion. United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Pro Se Litigants

The Court notes that, because Plaintiff is appearing pro se, the Court must liberally construe his pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."); Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011) (citing

Erickson v. Pardus, 551 U.S. 89, 94 (2007)).[4/] When a pro se litigant technically violates a rule of civil procedure, the court should treat him with "great leniency." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (citation omitted). However, "a pro se litigant is not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107–08 (9th Cir. 2000).

Before a district court may dismiss a pro se complaint the court must provide the pro se litigant "with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012) (citation omitted). However, the court may deny a pro se litigant leave to amend where amendment would be futile. Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) (citation omitted).

## DISCUSSION

HPHA argues that this Court lacks subject matter jurisdiction because Plaintiff's case is not yet ripe. (See Opp'n to MSJ at 4.) The Court agrees. Under Article III, section 2 of the United States Constitution, this Court's subject matter jurisdiction is limited to deciding "cases" or "controversies."

---

[4/] The Ninth Circuit has held that pro se complaints should continue to be liberally construed after the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). Hebber v. Pliler, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (noting that the Ninth Circuit joins five other circuits in so holding).

See, e.g., Allen v. Wright, 468 U.S. 737, 750 (1984). No case or controversy exists if a case is not yet ripe for adjudication, see, e.g., Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc), and consequently a federal court lacks subject matter jurisdiction in such a case. See, e.g., St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) ("Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution.").

      The Supreme Court instructs that ripeness is "peculiarly a question of timing," Regional Rail Reorg. Act Cases, 419 U.S. 102, 140 (1974), designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Laboratories v. Gardner, 387 U.S. 136, 148 (1967). Where, as here, there is a pre-enforcement challenge, "the claim is only ripe if a plaintiff is presented with 'the immediate dilemma to choose between complying with newly imposed, disadvantageous restrictions and risking serious penalties for violation.'" Temple v. Abercrombie, 903 F. Supp. 2d 1024, 1032 (D. Haw. 2012) (quoting San Luis & DeltaMendota Water Auth. v. Salazar, 638 F.3d 1163, 1173 (9th Cir. 2011) (internal quotations omitted)). In such cases, the Court considers "(1) whether the plaintiffs have articulated a 'concrete plan' to violate the law in question; (2) whether the

prosecuting authorities have communicated a specific warning or threat to initiate proceedings; and (3) the history of past prosecution or enforcement under the challenged statute." Temple, 903 F. Supp. 2d at 1032 (quoting Thomas, 220 F.3d at 1139 (internal quotations omitted)); see also McCormack v. Hiedeman, 694 F.3d 1004, 1021–22 (9th Cir. 2012). Importantly, the Ninth Circuit has stated that "neither the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." Thomas, 220 F.3d at 1139. Rather, "there must be a genuine threat of imminent prosecution." Id.

In the instant case, Plaintiff has failed to establish the existence of a case or controversy under Article III because it appears that the no smoking policy has not yet been enforced against Plaintiff. HPHA has stated, and Plaintiff does not appear to dispute, that it has not yet implemented the no smoking policy in state public housing projects, including in La'iola. (HPHA's Counter Concise Statement of Facts ("CCSF") ¶ 8; Ouansafi Decl. ¶ 14.) Further, HPHA states that it will not implement or enforce such a policy against any tenant in state public housing until the Hawaii Administrative Rules are amended and adopted to include the new prohibition, and the tenant signs an addendum to his or her rental agreement that incorporates the policy. (Id.) While the March 13, 2013 memorandum sent to La'iola tenants

states that the smoking ban will be effective April 1, 2013, its purpose appears to be to notify tenants of the no smoking policy and assess their interest in establishing a designated smoking area, rather than to initiate enforcement of the ban. (See FAC Ex. A at 3.) While at the hearing on the instant motions counsel for HPHA admitted that HPHA's notices regarding the no smoking policy were needlessly confusing to tenants, these notices alone do not appear to be sufficient to demonstrate an imminent threat of enforcement against Plaintiff.[5] Importantly, Plaintiff has not stated that any enforcement action has been taken against him specifically, nor has he put forth any evidence indicating such enforcement is occurring. As the Ninth Circuit has stated, "neither the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." Thomas, 220 F.3d at 1139.

   Even construing Plaintiff's pleadings liberally and assuming Plaintiff has articulated a "concrete plan to violate" the no smoking policy, he has nevertheless failed to demonstrate that there has been any threat by HPHA to initiate proceedings

---

[5] During the hearing on the instant motions, the Court requested that counsel for HPHA have her client provide residents in state public housing facilities with notice clarifying that the no smoking policy will not be implemented or enforced until the Hawaii Administrative Rules are amended and adopted to include the prohibition, and the tenants sign a no smoking addendum to their rental agreements. The Court further requested that HPHA notify the Court when such notice has been provided.

specifically against him for violation of the no smoking policy, or that there is a history of prosecution or enforcement of such a policy at La'iola or state facilities generally.[6/] See Thomas, 220 F.3d at 1139. ("In evaluating the genuineness of a claimed threat of prosecution, we look to whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement under the challenged statute."). The Court therefore concludes that Plaintiff's claims are not yet ripe and, as such, the Court lacks subject matter jurisdiction over Plaintiff's First Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Motion for Summary Judgment. The Court DISMISSES Plaintiff's First Amended Complaint because the Court finds that no controversy exists and the Court therefore lacks subject matter jurisdiction. Granting leave to amend would be futile because the action is not presently justiciable. The action is dismissed without prejudice.

---

[6/] Indeed, HPHA's counsel stated at the hearing on the instant motions that in February of 2014 she notified Plaintiff that enforcement of the no smoking policy would not occur until the policy is actually enacted and Plaintiff's rental agreement is amended to reflect the new policy. Plaintiff did not deny that he received such notice.

See Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 785 (9th Cir. 2000) (modifying a dismissal of an unripe claim to a dismissal without prejudice because events may later progress "to a point where plaintiffs' claims are ripe"). The Clerk of Court shall close the case and enter Judgment in favor of Defendant.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 25, 2014



_____
Alan C. Kay
Senior United States District Judge

Webb v. The State of Hawaii Public Housing Authority, Civ. No. 13-00168 ACK-KSC, Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment.